United States District Court
Northern District of Indiana
Hammond Division

| | |
|---|---|
| ROBERT STANLEY CRANSHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:08-CV-0003 JVB |
| ) | |
| BERNARD FREEMAN, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Pro se Plaintiff Robert Cranshaw, a prisoner confined at the Lake County Jail, filed a complaint pursuant to 42 U.S.C. § 1983, alleging the violation of his federally protected rights. The defendants are Lake County Sheriff Roy Dominguez and Jail Warden Bernard Freeman. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and dismiss it if the action is frivolous or malicious, does not state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that does not state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

The plaintiff is a pretrial detainee who seeks damages for conditions of confinement at the Lake County Jail. The Eighth Amendment protects convicted prisoners from cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Id.* at 535 n. 16. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees*." Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988). A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1)

objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). The defendant must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that penal officials merely failed to act reasonably.

> To state a claim premised on prison officials' failure to protect him from harm, Christopher must allege that the defendants knew of and disregarded an excessive risk to his health and safety. The question of the defendants' culpability is subjective, but the risk is evaluated on an objective basis--the allegedly dangerous prison condition must deprive an inmate of the minimal civilized measure of life's necessities.

*Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation marks and citations omitted). An objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations omitted).

The plaintiff's statement of claim presents seven issues. His first issue deals with Staph disease, which Cranshaw states is a problem at the jail. He asserts that he actually contracted Staph disease while he was at the jail, and that Sheriff Dominguez and Warden Freemen are responsible for the conditions that lead to his becoming infected. (Statement of Claim, part one at pp. 1-3). He further alleges that he did not receive adequate treatment for the disease. Giving Cranshaw the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no claim upon which relief can be granted on his Staph related claims.

The remaining issues deal with a wide variety of conditions at the jail. The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter. *Farmer v. Brennan*, 511 U.S. at 832. But conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971). The Constitution doesn't mandate comfortable prisons or jails, and "only those deprivations denying "'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. at 298, quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). In *Martin v. Tyson*, the court observed that "the conditions at the Marshall County Jail may be far from ideal. But again, the Marshall County Jail is a small, rural jail, and jails do not have to duplicate the amenities of small, rural hotels. To make out a claim under 42 U.S.C. § 1983, Martin must show that intentional actions of the defendants served to deprive him of a constitutional right. He has not been Constitutionally harmed here." *Martin v. Tyson*, 845 F.2d at 1457 (citations omitted).

In issue two, Cranshaw asserts that "(t)he administration does not provide us with an adequate balanced diet that is nutritional, and the portion amounts of food are extremely small

4

an[d] inadequate to feed an adult." (Statement of Claim, part two at p. 3). The Constitution requires that inmates receive adequate amounts of nutritious food, *See Farmer v. Brennan*, 511 U.S. at 832. "Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Giving Cranshaw the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his claim that the jail has denied him an adequate, nutritional, and balanced diet over a long period of time.

Issue three of his complaint deals with shower stalls, which Cranshaw alleges inmates sometimes use as urinals and are filthy and nasty. Cranshaw does not allege that he suffered any actual harm from conditions in the shower stalls, and that the shower stalls may not be cleaned daily does not deprive Cranshaw of the minimal civilized measure of life's necessities

In issue four of his complaint, Cranshaw asserts that "[t]he administration does not provide me with the cosmetic items needed to keep up my personal hygiene." (Statement of claim part 2 at p. 6). He alleges that the jail administration provided him with a small bar of soap each week. That the defendants only provide a small bar of soap each week may be inconvenient, but does not deprive Cranshaw of the minimal civilized measure of life's necessities.

Cranshaw also alleges that the defendants provided him with "only a small tube of toothpaste . . . good for only one week's use." He states that when he had used all of the toothpaste they issued him they would not give him any more and that "as a direct result of the lack of these supplies, I have not been able to keep up my oral hygiene, and my teeth and gums

5

have suffered decay from months of not being able to brush my teeth." (Statement of claim part 2 at p. 6).

If Cranshaw was indigent and unable to purchase his own toothpaste, the jail did not supply him with toothpaste, and as a result he suffered harm, then he may state a claim upon which relief can be granted. If, on the other hand, Cranshaw had money to purchase toothpaste but chose to spend it elsewhere, then it is he, not the jail, who is responsible for the injury he has suffered. *See Martin v. DeBruyn*, 880 F.Supp. 610 (N.D. Ind. 1995). "[A] prison official violates the Eighth Amendment by refusing to provide prescribed OTC medicine for a serious medical need only if the inmate lacks sufficient resources to pay for the medicine. If the inmate can afford the medicine but chooses to apply his resources elsewhere, it is the inmate, and not the prison official, who is indifferent to serious medical needs." *Id.* at 615.

Because Cranshaw did not submit a statement of his inmate trust account along with his petition to proceed *in forma pauperis*, the record before the court does not reflect whether Cranshaw was truly indigent or whether he had money on his account to purchase toothpaste and other oral hygiene aides. The court notes that Cranshaw's first installment payment pursuant to 28 U.S.C. § 1915(b) was $22.00 and that his second monthly installment payment was $10.00, which suggests that he received deposits to his trust account of $160.00 for those two months. But this does not address the question of whether he was indigent in the months before he filed his complaint, which is when he alleges he suffered harm. Giving Cranshaw the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his claim that he was indigent and that he suffered actual harm from the jail's refusal to give him the means to maintain his oral hygiene.

In issue five, Cranshaw alleges that "I am also limited to the amount of showers I can take. (Statement of claim part 2 at p. 6). He asserts that the defendants require all thirty-two

6

inmates in his unit to shower in four shower stalls within a one hour period between 6:30 a.m. and 7:30 a.m., during which the dayroom is closed and only the showers are open. Cranshaw suggests that this is inconvenient and that many inmates preferred sleeping in to taking an early morning shower.

The Constitution does not require that penal facilities provide daily showers for prisoners. *Davenport v. DeRobertis*, 844 F.2d 1310, 1316 (7th Cir. 1988). In any event, the complaint establishes that the Lake County Jail policy provided that inmates can shower every day and that the defendants provide adequate time for all of the inmates to shower daily, if they chose. Accordingly, the defendants are not depriving the plaintiff of the minimal civilized measure of life's necessities. The Constitution does not require jail officials to establish a shower schedule that inmates feel is convenient. If prisoners made individual decisions to skip showers in favor of sleeping in it is they, not the jail administration, who were responsible for any deterioration in their personal hygiene.

In issue six, Cranshaw challenges conditions in the holding cell used to briefly house inmates who are booked into the jail until they are sent to a regular housing unit. Cranshaw alleges that he was housed in the holding cell for seven days with forty other inmates and that he

> was not given anything but a blanket to sleep with . . . I was not given a mattress, I was not allowed to shower, and was forced to sleep on a cemented floor with nothing, no beds. My meals are also altered, for breakfast I was only given one box of cereal and one milk . . .. For lunch I was given a balonie (sic) sandwich and a juice, and for dinner I was given the same as lunch. . . . The smell in the room was horrible as no one was allowed to shower, or to clean up the cell.

(Statement of claim part 2 at p.7). Cranshaw also addresses conditions in the holding cell in part one of his statement of claim.

7

Conditions that would violate the Eighth Amendment over a long period of time may not constitute a constitutional violation if imposed for short periods of time. *See Jones-Bey v. Wright*, 944 F.Supp. 723, 732 (N.D. Ind. 1996). That prisoners in the holding cell have skimpy and repetitive meals and can not shower daily for a few days does not deprive them of the minimal civilized measure of life's necessities. But, giving Cranshaw the benefit of the inferences to which he is entitled, the court cannot say as a matter of law that requiring him to sleep on the floor with a larege number of other inmates and without a mattresses states no claim upon which relief can be granted.

In issue seven, Cranshaw alleges that "[t]here are no sinks, toilets, or water fountains available to the inmates in pod #1C. We are locked out of our cells for up to ten hours a day, trapped in the dayroom with no means of cleaning our hands or drinking water. Officers are instructed not to open cell doors or to allow inmates to use [the] restroom, wash hands or to drink water." (Statement of claim part 2 at p.7).

If jail officials prevent inmates from having access to toilet facilities and drinking water for ten straight hours every day, it may state a claim upon which relief can be granted. On the other hand, if the ten hours is not continuous but is broken up by periods when they are served liquids with meals and have access to their cells which contain commodes and running water, then it may state no claim because conditions that merely cause inconvenience and discomfort or make confinement unpleasant do not rise to the level of constitutional violations. Giving Cranshaw the benefit of the inferences to which he is entitled at the pleadings stage,  the court construes the complaint as alleging that he has been denied access to toilet facilities and drinking water for ten straight hours a day, and will allow him to proceed on this claim.

8

For the foregoing reasons, the Court:

(1) **GRANTS** the plaintiff leave to proceed against the defendants for damages on the plaintiff's claim in issue one dealing with Staph infection, his claim in issue two that he has not been afforded an adequate, nutritious, and balanced diet, his claim in issue four that because he could not get toothpaste his teeth and gums have suffered decay, his claim in issue six that he was required to sleep on the floor without a mattress in the jail's holding cell, and his claim in issue seven that he was denied access to toilet facilities and drinking water ten straight hours every day;

(2) **DISMISSES** all other claims pursuant to 28 U.S.C. § 1915A(b)(1);

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that the defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and (4) **DIRECTS** the marshals service to effect service of process on the defendants on the plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

SO ORDERED on July 23, 2008.

 s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge