# United States District Court
# Northern District of Indiana
# Hammond Division

| | | |
|---|---|---|
| ROBERT STANLEY CRANSHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.2:08-CV-003 JVB |
| | ) | |
| BERNARD FREEMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff Robert Cranshaw submitted a complaint under 42 U.S.C. § 1983, alleging that Lake County Sheriff Roy Dominguez and Jail Warden Bernard Freeman violated his federally protected rights while he was confined at the Lake County Jail. The court screened his amended complaint pursuant to 28 U.S.C. § 1915A, allowed the plaintiff to proceed against the defendants on several Fourteenth Amendment claims relating to his treatment at the jail, and dismissed all other claims. The defendants have filed a motion for summary judgment asserting that Cranshaw did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). The plaintiff has not responded.[1] For the reasons that follow, the court grants the defendants' motion for summary judgment.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. *Hughes v.*

---

[1] On December 10, 2008, the court granted the plaintiff's motion for enlargement of time, and afforded him until January 12, 2009, within which to file his response to the defendants' motion for summary judgment.

> *Joliet Correctional Ctr.*, 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. *Celotex Corp.*, 477 U.S. at 324.
>
> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

*McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731 (2001); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002), quoting *Porter v. Nussle*, 534 U.S. 516, 122 (2002).

In support of their summary judgment motion, the defendants submit the affidavit of Assistant Warden Christopher McQuillin and a copy of the Lake County Jail grievance policy. The defendants' submissions establish that the Lake County Jail had a grievance procedure in effect while Cranshaw was housed there, and that the claims he presents in his complaint were grievable. Assistant Warden McQuillin states in his affidavit that the jail's records show that Cranshaw "has not filed a formal grievance with the Deputy Warden's Office and has not filed an appeal of any grievance to the Warden or Sheriff, as provided for in Section XVI(B) of the *Lake County Jail Inmate Handbook.*" (DE 22-2, McQullin affidavit at p. 3.)

Because the defendants met their initial obligation under Fed. R. Civ. P. 56, the burden fell upon Cranshaw to come forth with evidence sufficient, if viewed as fully in his favor as is reasonable, to allow a factfinder to decide in his favor the question of whether he attempted to grieve the claims he raises in his complaint. Because he has not come forth with admissible evidence that he grieved the policies and conditions at the jail he alleges violated his federally protected rights, Cranshaw has not met his burden of coming forth with evidence sufficient which, if viewed reasonably in his favor, would allow a factfinder to decide the question of exhaustion of administrative remedies in his favor.

For the foregoing reasons, the court GRANTS the defendants' motion for summary judgment (docket #22), and DIRECTS the clerk to enter judgment in favor of the defendants and against the plaintiff.

SO ORDERED on February 2, 2009

  s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Court